**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RUFUS BROWN,

                Petitioner,                     Case Number: 2:12-CV-13638

v.                                       HONORABLE DENISE PAGE HOOD

STEVE RIVARD,

                Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY**
**AND ADMINISTRATIVELY CLOSING CASE**

      This is a habeas case under 28 U.S.C. § 2254. Petitioner Rufus Brown is a state inmate at the Cooper Street Correctional Facility in Jackson, Michigan. He challenges his convictions for four counts of uttering and publishing, conspiracy to commit uttering and publishing, and conducting a criminal enterprise. Now before the Court is Petitioner's Motion to Stay. The Court grants the motion.

**I.**

      Petitioner pleaded guilty in Berrien County Circuit Court as set forth above. On February 22, 2010, he was sentenced to 2 to 14 years' imprisonment for each uttering and publishing conviction, 23 months to 5 years' imprisonment for the conspiracy to commit uttering and publishing conviction, and 10 to 20 years' imprisonment for the conducting a criminal enterprise conviction. Petitioner did not file a direct appeal from his conviction.

      On February 22, 2011, Petitioner filed a motion for relief from judgment in the trial

court.  The trial court denied the motion.  *People v. Brown*, No. 2009-002727 (Berrien County Cir. Ct. March 23, 2011).  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals affirmed Petitioner's convictions.  *People v. Brown,* No. 302656 (Mich. Ct. App. Nov. 3, 2011).  Petitioner filed an application for leave to appeal in the Michigan Supreme Court.  The application was denied.  *People v. Brown,* 491 Mich. 908 (Mich. April 23, 2012).

Petitioner then filed the pending habeas petition, raising four claims for relief.  Now before the Court is Petitioner's Motion to Stay.

## II.

Petitioner seeks a stay in this matter so that he may raise newly discovered evidence and claims not yet presented in state court.  State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, outright dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this Court due to the expiration of the statute

of limitations.  *See* 28 U.S.C. § 2241(d)(1).  Staying a habeas corpus proceeding is appropriate where an original petition was timely filed, but a second, exhausted habeas petition may be time barred by the AEDPA's statute of limitations.  *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

The Supreme Court did not define "good cause" in *Rhines*, nor has the Sixth Circuit Court of Appeals done so.  See *Bates v. Knab*, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011), *citing Hnatiuk v. Trombley*, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008).  A number of federal courts have concluded that the *Rhines* good cause requirement is less stringent than the good cause showing required in the context of procedural default.  *See Lockridge v. Ludwick*, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, 2006 WL 1675938, *5 (S.D. N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default); *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005) (holding that "good cause" standard prescribed in *Rhines* does not require a showing of "extraordinary circumstances").

Petitioner states that his unexhausted claims were not presented in state court because they are newly discovered.  Courts have found the "good cause" standard satisfied where unexhausted claims are based on recently discovered evidence.  *See Midgett v. Curtin*, 2010 WL 457459, *1 (E.D. Mich. Feb. 8, 2010) (holding petitioner's contention that unexhausted claims were not presented in state court because they were newly discovered sufficient to

3

satisfy *Rhines* "good cause" requirement); *Reed v. Wolfenbarger*, 2009 WL 3059135, \*3 (E.D. Mich. Sept. 21, 2009) (same); *Henderson v. Bell*, 2009 WL 1923527, \*1 (E.D. Mich. July 9, 2009) (same).  The Court finds that Petitioner has asserted good cause for failing previously to present these claims.

Michigan Court Rule 6.502(G)(1) generally permits a defendant to file only one motion for relief from judgment.  Petitioner already has filed a motion for relief from judgment.  However, Michigan Court Rule 6.502(G)(2) permits a defendant to file a successive motion for relief from judgment under certain, limited circumstances, including when the petitioner asserts a claim of newly discovered evidence.  Therefore, it appears that an avenue for exhaustion remains available to Petitioner in state court.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back."  *Rhines*, 544 U.S. at 278.  To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed.  *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).  Petitioner must present his claims in state court within sixty days from the date of this Order.  *See id.*  He must also ask this Court to lift the stay within sixty days of completing state court review.  *See id.*  "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed."  *Id.* (internal quotation omitted).

**III.**

4

Accordingly, it is **ORDERED** that Petitioner's Motion to Stay Proceedings [dkt. # 18] is **GRANTED** and further proceedings in this matter are held in **ABEYANCE**.

If Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay in this Court within sixty days after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court shall close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  March 12, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 12, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

5