## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RUFUS BROWN,

                 Petitioner,            Case Number: 2:12-CV-13638
                                             Honorable Denise Page Hood

v.

STEVE RIVARD,

                 Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Rufus Brown is a state inmate incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan. In 2012, Petitioner filed a petition for a writ of habeas corpus in this Court, challenging his convictions for four counts of uttering and publishing, conspiracy to commit uttering and publishing, and conducting a criminal enterprise. Petitioner then sought a stay to allow him to exhaust unexhausted claims in state court. The Court granted the stay and administratively closed the matter. After exhausting state court remedies, Petitioner moved to reopen this proceeding. The Court reopened the matter and permitted Petitioner to file an amended petition raising an additional claim. Respondent has now filed a supplemental answer in opposition to the petition. For the reasons set forth below,

the Court denies the petition.

## I.     Background

Petitioner's convictions arise from Petitioner's involvement in using checks that were not his and which he was not authorized to use to purchase goods from various stores.  Petitioner and two friends, Teresa Fisher and McClinnon Smith traveled to Michigan from Chicago for the purpose of purchasing merchandise from retailers with these checks.  At his plea hearing, Petitioner admitted to writing a check for $1,212.18, on June 14, 2009, at a Wal-Mart in Benton Township. Petitioner said the check had been found by a friend and the name on the account was Michael Lorrento.  Petitioner signed Lorrento's name on the check.  On the same date, Petitioner went to Lowe's in Benton Township, and wrote another check on Lorrento's account.  This check was for $1,035.45.  Petitioner presented the check to the cashier after signing Lorrento's name, but was unable to purchase the merchandise because Lowe's did not accept the check.  Petitioner and Teresa Fisher then agreed that Fisher would present a check from the account of Angela Bogdanas to Lowe's to try to purchase merchandise on Bogdanas' account.  Fisher presented a check in the amount of $1,026.48, but Lowe's also declined to accept her check.  The trio then went to Meijer's, also in Benton Township, for the purpose of having Fisher again try to purchase merchandise with one of Bogdanas'

2

checks. She was successful this time in purchasing merchandise for $490.13. The next target was Staples, where Petitioner, using fake ID, presented himself to the clerk as Michael Lorrento and purchased $632.48 worth of merchandise.

Petitioner pleaded guilty in Berrien County Circuit Court to four counts of uttering and publishing, Mich. Comp. Laws § 750.249, conspiracy to commit uttering and publishing, Mich. Comp. Laws § 750.157a, Mich. Comp. Laws § 750.249, and conducting a criminal enterprise, Mich. Comp. Laws § 750.159i(1). On February 22, 2010, he was sentenced to 2 to 14 years' imprisonment for each uttering and publishing conviction, 23 months to 5 years for the conspiracy to commit uttering and publishing conviction, and 10 to 20 years for the conducting a criminal enterprise conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising these claims: (i) guilty pleas not supported by the record; (ii) Double Jeopardy violation; (iii) ineffective assistance of trial counsel; and (iv) Michigan Court of Appeals abused its discretion in failing to appoint counsel. The Michigan Court of Appeals denied leave to appeal. *People v. Brown*, No. 302656 (Mich. Ct. App. Nov. 3, 2011). The Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Brown*, 491 Mich. 908 (Mich. April 23, 2012).

Petitioner filed a motion for relief from judgment in the trial court, raising these claims: (i) ineffective assistance of trial counsel; (ii) abusive prosecution; and (iii) guilty plea not supported by a sufficient factual basis.  The trial court denied the motion. *People v. Brown*, No. 2009-002727 (Berrien County Cir. Ct. March 23, 2011).  Petitioner did not seek leave to appeal this decision.

Petitioner then filed a habeas corpus petition in this Court.  After the case was stayed, Petitioner returned to state court and filed a second motion for relief from judgment, arguing that the sentencing judge did not have proper jurisdiction over his case.  The trial court denied the motion as an improper successive motion for relief from judgment.  *See* 4/7/14 Order Denying Successive Motion for Relief from Judgment (ECF No. 25-3).  The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal because, under Mich. Ct. R. 6.502(G)(1), no appeal may be taken from the denial or rejection of a successive motion for relief from judgment.  *People v. Brown*, No. 322842 (Mich. Ct. App. Sept. 19, 2014) (ECF No. 25-8).  Petitioner did not seek leave to appeal in the Michigan Supreme Court.  *See* 1/20/15 Affidavit of Larry Royster, Michigan Supreme Court Clerk (ECF No. 25-9).

Petitioner's habeas petition raises these claims:

I.    Petitioner's guilty plea to counts 4, 5, and 7 is not supported by the record and constitutes a miscarriage of justice.

4

II.     The prosecutor abused his discretion and violated double jeopardy by
        adding counts 4, 5, and 7 in this case.

III.    Trial counsel was ineffective for failing to object to (a) improper
        acceptance of a guilty plea and (b) abuse of prosecutorial charging
        discretion; and for failing to safeguard Petitioner's right to
        appointment of appellate counsel.

IV.     The trial court abused its discretion by refusing to appoint counsel.

V.      Petitioner was denied his due process rights to a fair trial when he
        never received a preliminary examination or arraignment on the
        criminal conspiracy count and, therefore, jurisdiction was not
        conferred on the lower court.

## II.     Standard

Review of this case is governed by the Antiterrorism and Effective Death

Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a state prisoner is entitled to

a writ of habeas corpus only if he can show that the state court's adjudication of his

claims –

        (1) resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law, as
        determined by the Supreme Court of the United States; or

        (2) resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in the
        State court proceeding.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if

the state court arrives at a conclusion opposite to that reached by the Supreme

5

Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 408. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997); *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's

6

contrary conclusion was unreasonable." *Id.* at 102. Furthermore, pursuant to §

2254(d), "a habeas court must determine what arguments or theories supported or

... could have supported, the state court's decision; and then it must ask whether it

is possible fairminded jurists could disagree that those arguments or theories are

inconsistent with the holding in a prior decision of th[e Supreme] Court." *Id.*

Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not

completely bar federal courts from relitigating claims that have previously been

rejected in the state courts, it preserves the authority for a federal court to grant

habeas relief only "in cases where there is no possibility fairminded jurists could

disagree that the state court's decision conflicts with" Supreme Court precedent.

*Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard

against extreme malfunctions in the state criminal justice systems,' not a substitute

for ordinary error correction through appeal." *Id.* (quoting *Jackson v. Virginia*,

443 U.S. 307, 332 n. 5 (1979)) (Stevens, J., concurring)). Therefore, in order to

obtain habeas relief in federal court, a state prisoner is required to show that the

state court's rejection of his claim "was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement." *Id.* at 103.

Additionally, a state court's factual determinations are entitled to a

presumption of correctness on federal habeas review. See 28 U.S.C. § 2254(e)(1).

A petitioner may rebut this presumption with clear and convincing evidence. *See*

*Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

## III.   Discussion

### A.   Factual Basis for Plea

Petitioner's first claim concerns the factual basis for his plea.  He argues that

there was an insufficient factual basis to support his guilty plea for two counts of

uttering and publishing and criminal conspiracy.  This claim is not cognizable on

habeas review.

"'[T]here is no constitutional requirement that a trial judge inquire into the

factual basis of a plea.'"  *Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. Nov.

17, 2010), *quoting Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *see also*

*Post v. Bradshaw*, 621 F.3d 406, 427 (6th Cir. 2010).  A state trial judge's failure

to conduct an on-the-record inquiry into the factual basis of a plea does not serve

as a basis for federal habeas corpus relief.  *Bonior*, 416 F. App'x at 478.

To the extent that Petitioner claims that he is innocent of these crimes, this

would not render his plea involuntary.  The United States Supreme Court has

explicitly held that a criminal defendant may constitutionally enter a guilty plea

even while protesting his innocence or declining to admit his commission of the

8

crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, *a fortiori* a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y.1979) (footnotes omitted). Therefore, Petitioner's claim of actual innocence is not cognizable on habeas review. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.").

### B.   Double Jeopardy/Prosecutor's Charging Decision

In his second claim for habeas relief, Petitioner argues that his right to be free from double jeopardy was violated when he was charged with counts 4 (uttering and publishing at Meijer's), 5 (uttering and publishing at Staples), and 6 (conducting a criminal enterprise). He also argues that the prosecutor amended the information to include these charges in retaliation for Petitioner's failure to appear at a pre-trial hearing.

The Double Jeopardy Clause of the Fifth Amendment provides, "No person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or

9

limb." This clause affords defendants protection against three basic harms: second prosecution for the same offense after acquittal, second prosecution for the same offense after conviction, and multiple punishments for the same offense.[1] *Brown v. Ohio*, 432 U.S. 161, 165 (1977). Petitioner's convictions fall into none of these categories.

Petitioner offers no support for a claim that he cannot be separately punished for each of the check forgeries because the forgeries occurred on the same day and were executed in similar manners. The Double Jeopardy Clause "prohibits repeat trials for the same offense, not for the same conduct." *United States v. Rigas*, 605 F.3d 194, 204 (3d Cir. 2010). Here, the convictions arose out of separate offenses, involved separate locations, and different checks. The Court finds no Double Jeopardy violation.

Petitioner also claims that these claims were added by amendment to the information out of prosecutorial vindictiveness. A prosecutor has broad discretion in deciding what charges to pursue, and the prosecutor's charging decisions are generally not subject to review by the courts. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute,

---

[1] The Double Jeopardy Clause is made applicable to the states through the Due Process Clause of the Fifth Amendment. *Benton v. Maryland*, 395 U.S. 784 (1969).

the decision whether or not to prosecute, and what charge to file ... generally rests entirely in [the prosecutor's] discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978).  This "broad discretion" is not "'unfettered,' and a decision to prosecute may not be deliberately based upon the exercise of protected statutory rights.'" *Bragan v. Poindexter*, 249 F.3d 476, 481 (6th Cir. 2001), quoting *United States v. Adams*, 870 F.2d 1140, 1145 (6th Cir. 1989).  To show vindictive prosecution there must be "(1) exercise of a protected right; (2) a prosecutorial stake in the exercise of that right; (3) unreasonableness of the prosecutor's conduct; (4) the intent to punish the defendant for exercise of the protected right." *United States v. Suarez*, 263 F.3d 468, 479 (6th Cir.2001).  "There are two approaches to showing prosecutorial vindictiveness: a defendant can show (1) 'actual vindictiveness,' by producing 'objective evidence that a prosecutor acted in order to punish the defendant for standing on his legal rights,' or (2) 'a realistic likelihood of vindictiveness.'" *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003), *quoting Bragan,* 249 F.3d at 481-82.

Petitioner raised this claim on direct review.  The Michigan Court of Appeals denied this claim "for lack of merit in the grounds presented."  11/3/11 Order, ECF No. 15-3.  The Michigan Court of Appeals' summary denial of Petitioner's claim, despite its brevity, is entitled to deference under § 2254(d).

11

Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]. *Harrington*, 562 U.S. at 102. Accordingly, the question here is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Petitioner's claim.

Petitioner fails to show that the additional charges were prompted by Petitioner's exercise of any protected right. He offers no evidence that would call into question the reasonableness of the state court's decision and the Court discerns nothing in the record that would do so. The Court concludes, therefore, that this claim raises no issue on which habeas relief may be granted.

## C.    Ineffective Assistance of Counsel Claim

Next, Petitioner argues that his trial attorney performed ineffectively because he failed to object to the trial court's acceptance of Petitioner's guilty plea and failed to object to the alleged prosecutorial vindictiveness.

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395

12

F.3d 251, 258 (6th Cir. 2005).  To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland*, 466 U.S. at 687.  An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688.  The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.* at 687.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct" and instead "emphasized that "[t]he proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Strickland*, 466 U.S. at 687.  The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  Unless the petitioner

13

demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

As discussed above, Petitioner has failed to show that the trial court erred in accepting his guilty plea or that the inclusion of additional charges was the result of prosecutorial vindictiveness. Therefore, counsel was not ineffective in failing to raise these claims.

### D.   Appointment of Appellate Counsel

Next, Petitioner argues that his constitutional right to an appellate attorney was violated by the trial counsel's failure to appoint counsel on appeal. The Michigan Court of Appeals denied this claim in a one-sentence order, but AEDPA

14

deference, nevertheless, is given to the decision.  *Harrington*, 562 U.S. at 102.

The Sixth Amendment right to the effective assistance of trial counsel has been extended to guarantee the effective assistance of counsel on the first appeal by right from a conviction.  *Evitts v. Lucey*, 469 U.S. 387, 395-97 (1985); *Douglas v. California*, 372 U.S. 353, 356(1963).  In *Halbert v. Michigan*, 545 U.S. 605, 609-10,(2005), the Supreme Court held that appointment of counsel is required for defendants who plead guilty or no contest but seek access to first-tier review of their convictions in the Michigan Court of Appeals.  But a state may impose reasonable procedural conditions on a criminal defendant's rights, even if they are protected by the Constitution.  *See Taylor v. Illinois*, 484 U.S. 400, 412-13 (1988). Michigan Court Rule 6.425(G) (1)(c) allows a defendant 42 days from the date of sentencing to request appointment of appellate counsel.  "A six-week period to file a request for appointment of appellate counsel is reasonable and no Supreme Court holding suggests otherwise."  *Lee v. Burt*, No. 09-12127, 2011 WL 2580642, *4 (E.D. Mich. June 29, 2011).

Here, the record shows that Petitioner filed a request for counsel approximately one month after the time for doing so expired.  Because petitioner did not make a timely request for the appointment of appellate counsel, the Michigan Court of Appeals' rejection of this claim was not an unreasonable

application of clearly established federal law. Petitioner is not entitled to relief on his first claim.

### E.      Trial court's jurisdiction

Finally, Petitioner argues that the trial court lacked jurisdiction over the conspiracy count because Petitioner was never arraigned on that count. Respondent argues that this claim is untimely and procedurally defaulted. The statute of limitations is not a jurisdictional bar to habeas review. *Smith v. State of Ohio Dep't of Rehabilitation*, 463 F.3d 426, 429 n.2 (6th Cir. 2006). A federal court may proceed to the merits of a habeas petition rather than resolve the question of timeliness in the interest of judicial economy. *Id.* Similarly, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). Here, the Court finds that the interests of judicial economy counsel in favor of addressing the merits of this claim rather than addressing the issues of timeliness or procedural default.

"'[F]ederal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Habeas review "is limited to deciding whether a conviction violated the

16

Constitution, laws, or treaties of the United States," and does not encompass reexamining state-court determinations of state-law issues. *Id.* at 68. The determination whether a state court had jurisdiction under state law is properly made by the state courts, not the federal judiciary. *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976). *See also Poe v. Caspari*, 39 F.3d 204, 207 (8th Cir. 1994) ("Jurisdiction is no exception to the general rule that federal courts will not engage in collateral review of state court decisions based on state law: The adequacy of an information is primarily a question of state law and we are bound by a state court's conclusion respecting jurisdiction. . . . This determination of jurisdiction is binding on this [federal] court.") (internal quotation omitted). Habeas relief is denied on this claim.

## IV.   Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner

17

demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that none of the claims in the habeas petition warrant relief. Therefore, the Court denies a certificate of appealability.

**V.    Conclusion**

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus and a certificate of appealability are **DENIED**.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court


Dated: October 31, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 31, 2016, by electronic and/or ordinary mail.


S/Shawna C. Burns
Case Manager Generalist