# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RUFUS BROWN,

        Petitioner,         Case Number: 2:12-cv-13638
                                               HONORABLE DENISE PAGE HOOD

v.

STEVE RIVARD,

        Respondent.
                                      /

## ORDER DENYING PETITIONER'S
## MOTION FOR APPELLATE NOTICE EXTENSION

On October 31, 2016, this Court denied Petitioner Rufus Brown's habeas corpus petition filed under 28 U.S.C. § 2254, and denied him a certificate of appealability. (ECF No. 30). On April 3, 2017, Brown filed a Motion for Appellate Notice Extension.[1] Brown asks the Court to reopen the time for filing an appeal because he claims not to have received a copy of the Court's Opinion and Order denying the petition for writ of habeas corpus until March 2, 2017.

A notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed.R.App.P. 4(a)(1). When

---

[1] The motion was docketed on April 6, 2017, but, under the "prison mailbox rule," the motion is considered filed on the date that it was signed and dated, April 3, 2017. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (finding that under the prison mailbox rule's "relaxed filing standard" a *pro se* prisoner's pleading "is deemed filed when it is handed over to prison officials for mailing to the court").

an appellant fails to timely file a notice of appeal or to timely request an extension to do so because the appellant did not receive notice of the judgment, Federal Rule of Civil Procedure 4(a)(6) provides a mechanism for reopening the time to file a notice of appeal. Rule 4(a)(6) allows a district court to reopen the time to file an appeal for a period of fourteen days, so long as the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
>
> (C) the court finds that no party would be prejudiced.

Fed.R.App. P. 4(a)(6) (emphasis supplied).

Assuming that Brown did not receive notice of the October 31, 2016 Opinion and Order until March 2, 2017, he was clearly unable to file a notice of appeal within thirty days of the judgment. Even so, because Brown failed to comply with Rule 4(a)(6)'s time requirements, the time for filing a notice of appeal cannot be reopened. A motion to reopen must be filed within 180 days of the entry of judgment or 14 days after the appellant receives notice, *whichever is earlier*. In this case, 14 days after entry of the judgment, March 21, 2017, is earlier. Brown is seeking relief after that date. A federal district court lacks the authority to consider a motion to reopen the time for an appeal which is not filed within Rule 4(a)(6)'s time constraints. *See Martin v. Straub*, 27 F.

App'x 337, 338 (6th Cir. 2001).  Because Brown filed his motion more than 14 days after he received notice of the denial of his habeas petition, this Court lacks the authority to extend the time for filing an appeal.  *See Hall v. Scutt*, 482 F. App'x 990, 991 (6th Cir. 2012).

Petitioner's Motion for Appellate Notice Extension (ECF No. 32) is DENIED.


S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  May 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager